UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG L. BEENE ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:07-0033 |
| ] | Judge Trauger |
| STEPHEN DOTSON, WARDEN ] | |
|     Respondent. ] | |

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Stephen Dotson, Warden of the prison, seeking a writ of habeas corpus.

On September 20, 2004, the petitioner pled guilty in Dickson County to attempted first degree murder, especially aggravated kidnaping, and aggravated assault. For these crimes, he received an aggregate sentence of seventeen (17) years in prison (Docket Entry No. 4-3 at pgs. 3-5). Having pled guilty, the petitioner took no direct appeal of the convictions.

Instead, he filed a *pro se* petition for state post-conviction relief (Docket Entry No. 4-3 at pgs. 6-12). Following the appointment of counsel, an amended post-conviction petition was filed on behalf of the petitioner (Docket Entry No. 12; Addendum No. 6). An evidentiary hearing was conducted after which the trial court denied the petition (Docket Entry No. 4-4 at pgs. 4-22). On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief (Docket Entry No. 4-5 at pgs. 1-8). The Tennessee Supreme Court later denied the petitioner's

1

application for further review (Docket Entry No. 4-5 at pg. 9).

On December 21, 2006, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 4-2) in the District Court for the Western District of Tennessee. By an order (Docket Entry No. 4-10) entered January 8, 2007, the petition was transferred to this judicial district for disposition. The petition sets forth eight claims for relief. These claims include:

> I. the petitioner was denied the effective assistance of counsel when his attorney
>
> > (a) "neglected to call alibi witnesses on the Petitioner's behalf";
> >
> > (b) "failed to inform Petitioner of all attempted plea negotiation offers proffered by the State";
> >
> > (c) failed to file relevant pre-trial motions (e.g., motion to suppress) and obtain a speedy court date to rule on said motions;
> >
> > (d) developed a conflict of interest with the petitioner;
> >
> > (e) neglected to "check into the Petitioner's mental status to see if the Petitioner was competent to stand trial";[1]
>
> II. The petitioner's guilty plea was involuntarily and unknowingly given because
>
> > (a) counsel's ineffectiveness coerced him into accepting a guilty plea;
> >
> > (b) he was heavily medicated and incompetent at the time he accepted the plea; and
>
> III. The petitioner's statements to the police were coerced by

---

[1] Prior to trial, the petitioner was represented by Michael Flanagan, a member of the Davidson County Bar. In the description of his claims, however, the petitioner mistakenly identifies Ms. Lindsay Barrett, who represented him during post-conviction proceedings, as trial counsel.

2

means of threats and promises of leniency.

A preliminary examination of the petition was conducted after which it was determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 5) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

Presently pending before the court is the respondent's Motion for Summary Judgment (Docket Entry No. 10), to which the petitioner has offered no reply. Upon consideration of this pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander,

3

912 F.2d 878, 883 (6th Cir.1990).[2]

A review of the record shows that all but one of the petitioner's ineffective assistance claims, i.e., Claims I a-d, were never offered to the state courts at any level for consideration. Moreover, Claims II a-b and III were raised in the post-conviction trial court but were never presented to the state appellate courts for review. *See* Docket Entry No. 12; Addenda Nos. 4, 6 and 9. To properly satisfy the exhaustion requirement, claims must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). In the case of those claims that were never presented to the state courts at every level available, the petitioner has failed to satisfy the exhaustion requirement prior to the filing of this action. Unfortunately, at this late date, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional

---

[2] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

4

violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

The petitioner has alleged nothing that would constitute cause and prejudice sufficient to excuse his procedural default. Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Murray v. Carrier, 106 S.Ct. 2639, 2649-50 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Id. Here, the petitioner claims that he was factually innocent of the charges against him. Docket Entry No. 4-2 at pg. 34. He has not, however, offered any factual support for this claim. Consequently, the court finds that the petitioner has forfeited his right to federal review of these claims.

The petitioner's remaining claim asserts that counsel was ineffective for failing to "check into Petitioner's mental status to see if the Petitioner was competent to stand trial" (Claim I e). This claim was fully litigated in the state courts and was found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state

5

court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449, n. 14 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). In the context of a guilty plea, the petitioner must show a reasonable probability that, but for counsel's deficiency, he would have insisted upon proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In analyzing this claim, the Tennessee courts applied Strickland and found that

> The record contains a medical competency evaluation signed by Dr. Melinda Lafferty, Licensed Psychologist, and dated March 16, 2004, in which the Petitioner was found to be competent to stand trial and unqualified for the defense of insanity. This letter also stated that it is "recommended that Mr. Beene continue with psychiatric treatment in order to maintain competency." The Petitioner testified that he did continue to take medication for his mental illness throughout the time leading up to and after the entry of his guilty pleas. Also, Trial Counsel testified

6

> that he noticed nothing about the Petitioner that would have
> indicated to him that he was anything other than competent.

Docket Entry No. 4-5 at pg. 7.[3]

The record further contains a statement from the trial judge who noted while accepting the petitioner's guilty plea that "I was concerned about whether he would understand, but I am convinced of his – that today at least, that he understood his waiver of his rights and so forth .......". Docket Entry No. 4-5 at pg. 7. There is abundant evidence in the record, therefore, that the petitioner's competency was not an issue at the time of trial.

The state courts found that counsel had acted reasonably and in the petitioner's best interest. It was further found that petitioner's plea had been voluntarily and knowingly given. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claim was neither contrary to nor an unreasonable application of federal law.

The court finds merit in the respondent's Motion for Summary Judgment. The motion, therefore, shall be granted and this action will be dismissed.

An appropriate order will be entered.

---

[3] The letter from Dr. Lafferty can be found in the record as Docket Entry No. 4-4 at pg. 1.

_____
Aleta A. Trauger
United States District Judge

8