UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CRAIG L. BEENE**  ] | |
| Petitioner, ] | |
| ] | |
| v.  ] | No. 3:07-0033 |
| ] | Judge Trauger |
| **STEPHEN DOTSON, WARDEN** ] | |
| Respondent. ] | |

# **O R D E R**

On April 4, 2007, an order (Docket Entry No. 16) was entered dismissing the instant *pro se* § 2254 habeas corpus action. Since the dismissal, the petitioner has sent the Court a letter (Docket Entry No. 28).

Apparently, the petitioner intends to file a second or successive habeas corpus petition with the Sixth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Toward that end, he states that he is "in need of copies of the Writ and the orders of the court". He asks that the Court provide him with copies of these documents free of charge.

The petitioner cites 28 U.S.C. § 2250 as the basis for a belief that he is entitled to these copies free of charge. That statute states in its entirety :

> If on any application for a writ of habeas corpus an order
> has been made permitting the petitioner to prosecute
> the application in forma pauperis, the clerk of any court
> of the United States shall furnish to the petitioner without
> cost certified copies of such documents or parts of the
> record on file in his office as may be required by order of
> the judge *before whom the application is pending*. (emphasis added).

28 U.S.C. § 2250, by its language, contemplates the acquisition of free copies of a record that

is ongoing and presently pending before the Court. The petitioner, however, does not have a habeas application currently pending before this Court. Therefore, that statute does not entitle the petitioner to free copies.

An indigent petitioner has no constitutional right to acquire a free copy of his transcript or other court records for use in a collateral proceeding. *See* United States v. McCollom, 426 U.S. 317, 325-26 (1976). To obtain such records free of charge, the petitioner must demonstrate that his habeas corpus claims are not frivolous and that the records are needed to decide the issues presented. *Id.* at 326-27. A court is not compelled to allow the petitioner the requested documents in order to conduct a search for error. Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992).

The petitioner has not demonstrated a specific need for the copies requested. Accordingly, to the extent that the petitioner has moved the Court to provide him with free copies of documents from this case, his motion is hereby DENIED. The Clerk is directed to forward to the petitioner a copy of the docket sheet for this case. Should the petitioner wish to obtain copies of specific docket entries, he must pay the copying cost of fifty cents ($.50) per page. 28 U.S.C. § 1914(b).

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge